UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| IRENE DELMERA JEAN-BRICE | ) | CASE: A25-58823-JWC |
| | ) | |
| | ) | |
| DEBTOR | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com

2.

As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not comply with 11 U.S.C. Section 1325(a)(4).

3.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

4.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

5.

The Trustee requests proof of the non-filing spouse's income, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Chapter 13 schedules fail to disclose the Debtor's bank accounts, in violation of 11 U.S.C. Section 521.

7.

The Debtor's pay advices indicate that the Debtor's income and payroll deductions differ from Schedule I. The Trustee requests that the Schedules be amended to reflect this income or additional documentation to support the currently filed Schedules be remitted to the Trustee. 11 U.S.C. Section 101(10A), 11 U.S.C. Section 1325(b)(6) and 11 U.S.C Section 1325(a)(3).

8.

The Debtor's Schedule J fails to include expenses for a homeowner's association, thereby rendering the proposed Chapter 13 plan payment to be infeasible in violation of 11 U.S.C. Section 1325(a)(6).

9.

The Chapter 13 budget reflects a total monthly household expense of $7118.31, an amount that may be excessive and unnecessary for the maintenance or support of the Debtor or Debtor's dependents in violation of 11 U.S.C. Section 1325(b)(2)(A), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

10.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

11.

The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors as required by 11 U.S.C. Section 1325(b)(1)(B).

12.

The plan fails to correctly treat Linear Mortgage and the collateral with Ally, in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 1325(a)(5).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 15th day of September, 2025.

                            Respectfully submitted,

                            /s/_____
                            Julie M. Anania
                            Attorney for the Chapter 13 Trustee
                            State Bar No. 477064

## CERTIFICATE OF SERVICE

Case No:  A25-58823-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

IRENE DELMERA JEAN-BRICE
5105 GALLEON CROSSING
DECATUR, GA  30035

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

RAINFORD LAW FIRM, P.C.

This the 15th day of September, 2025.

/s/_____
Julie M. Anania
Attorney for the Chapter 13 Trustee
State Bar No. 477064
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201